**STATEMENT OF FACTS**

On or about February 5, 2015, U.S. Customs and Border Protection ("CBP") officers in Miami, Florida notified HSI Washington, D.C. ("HSI DC") Special Agents of two parcels en route from China to Washington, D.C. CBP provided information that both parcels originated in China and were destined for 3922 New Hampshire Avenue NW, Washington, D.C. to an individual by the name of "[Witness #1] Ltd." One of the parcels was sent from Kunshan Shengqing New Materials in China via TNT Express. CBP also notified HSI DC that the two shipping companies in China have a history of shipping narcotics which have been seized at numerous Ports of Entry ("POE") throughout the U.S. HSI DC was able to identify the TNT parcels had not been delivered yet to the aforementioned address. HSI DC coordinated with TNT in order to hold the parcels for inspection.

The parcels originated from China, and hereinafter referred to as the "target packages 1 and 2." The target packages 1 and 2 arrived into the United States as international parcels and destined for delivery by TNT to the premises located in Washington, D.C. The target packages were labeled with unique, identifying, tracking number/consignment numbers of 247216725 and 903821634. On February 6, 2015 HSI DC Special Agents met with TNT management in the TNT Office in Bowie, Maryland. The TNT management pulled target packages 1 and 2 off of the distribution line and brought them directly to HSI Special Agents. Both packages were unopened and intact. HSI DC Special Agents proceeded to conduct a border search on packages 1 and 2, at the TNT Bowie, Maryland facility, revealing one box had an item consisting of a suspected controlled substance wrapped in what appeared to be tin foil (tracking number/consignment 903821634) and the second box contained a box with a water filter and within the water filter was a suspected controlled substance (tracking number/consignment

247216725).  Further examination of the items and suspected controlled substances revealed approximately 2.73 kilograms of a clear and brown rock like substance.  The clear and brown rock like substance was field tested utilizing a Reagent 923 Field Test Kit which gave a positive reaction for the presence of Methamphetamine MDMA (Ecstasy).  HSI Special Agents then detained target packages 1 and 2 and placed them contents in a evidence bag.

Following the detention of the target package at TNT on February 6, 2015, HSI Special Agents met with Metropolitan Police Department (MPD) Detective Vincent Witkowski and his narcotic detecting canine "Trigger" in Washington, D.C.  While at MPD office in Washington, D.C. "Trigger" alerted to target packages 1 and 2 for the presence of controlled substances. "Trigger" is certified to alert to the presence of cocaine, heroin, marijuana (THC), MDMA and methamphetamine, all of which are controlled dangerous substances.

HSI DC Special Agents then transported target packages 1 and 2, which were in evidence bags, to the HSI DC office and HSI DC Special Agents locked up target packages 1 and 2 in the secure evidence room.

On February 9, 2015, HSI DC Special Agents retrieved target packages 1 and 2 from the HSI DC evidence room and transported them to Washington, D.C. for a controlled delivery. Target packages 1 and 2 never left the custody of a HSI DC Special Agent.  On February 9, 2015, HSI DC Special Agents obtained an anticipatory search warrant for 3922 New Hampshire Avenue NW, Washington, D.C.  HSI DC Special Agents then conducted a controlled delivery of target packages 1 and 2, which were in the custody of a HSI DC Special Agent until the time of delivery.  On February 9, 2015, an undercover HSI DC Special Agent delivered target packages 1 and 2 to 3922 New Hampshire Avenue NW, Washington, D.C. and made contact with Witness

#1 at the residence. Witness #1 signed for target packages 1 and 2 and the undercover HSI Special Agent departed. HSI DC Special Agents then executed the search warrant at 3922 New Hampshire Avenue NW, Washington, D.C. and recovered target packages 1 and 2 from Witness #1 inside the aforementioned address.

   HSI DC Special Agents advised Witness #1 of her Miranda Rights and she waived her rights and agreed to speak with HSI DC Special Agents. During the interview of Witness #1 she stated target packages 1 and 2 were due to be picked up by Witness #2 who lived at 3916 New Hampshire Avenue NW, Washington, D.C. Witness #1 stated she had received 3 prior packages that were picked up by Witness #2. Witness #1 stated on February 9, 2015, approximately an hour before HSI DC Special Agents executed the search warrant, that Witness #2 had called her and asked if the packages had been delivered. Witness #1 stated Witness #2 lives with her mother Witness #3 and prior to target package 1 and 2 she had given the 3 prior packages to Witness #2. Witness #1 stated she had been paid $10.00 for receiving the packages.

   While conducting the interview and search at 3922 New Hampshire Avenue NW, Washington, D.C. HSI DC Special Agents observed a TNT Express driver pull alongside New Hampshire Avenue NW, Washington, D.C. and walk toward the residence. HSI DC Special Agents made contact with the driver who had a TNT international parcel from China addressed to Witness #3 at 3916 New Hampshire Avenue NW, Washington, D.C. HSI DC Special Agents observed the package had not been opened and detained the package. HSI DC Special Agents then made contact with Witness #3 at 3916 New Hampshire Avenue NW, Washington, D.C. and obtained consent to search the residence, which belonged to her, and the package which had been detained from the TNT Express delivery man. The target package that was detained from the

TNT Express, intended for Witness #3 is referred to as target package 3 hereinafter. HSI DC Special Agents search target package 3 and observed another water filter similar to that seized on February 6, 2015, by HSI DC Special Agents. Inside of the water filter was a clear and brown rock like substance which was field tested utilizing a Reagent 923 Field Test Kit which gave a positive reaction for the presence of Methamphetamine MDMA (Ecstasy). HSI DC Special Agents then seized target package 3 and placed it in an evidence bag for transportation to HSI DC evidence room.

    HSI DC Special Agents then advised Witness #3 of her Miranda Rights which she waived and agreed to speak with HSI DC Special Agents. Witness #3 stated that about 3 weeks prior to February 9, 2015, she heard Witness #2 speaking with Witness #3's grandson, Darryl Barnes, about packages. Witness #3 stated she knew Witness #2 had picked up packages from Witness #1, at 3922 New Hampshire Avenue NW, Washington, D.C. Witness #3 then stated Witness #2, told her Darryl Barnes said the packages were not illegal and told Witness #3 and Witness #2 to watch a documentary on what was being shipped. Witness #3 further stated Darryl Barnes may have told Witness #2 to pick up packages from Witness #1. Witness #3 then identified Darryl Barnes as being born March 7, 1991 and stated he lived in Maryland with her sister, Theresa Buchanan near FedEx Field (home of the Redskins).

    It was then HSI DC Special Agents spoke with Witness #2 who had come home while HSI DC Special Agents were at the residence. Witness #2 gave consent to search her bedroom and she was also advised of her Miranda Rights which she waived and agreed to speak with HSI DC Special Agents. Witness #2 stated before Christmas, Darryl Barnes told her he had sent packages with "Chinese Writing" to "Cookie" (Witness #1) and asked if Witness #2 could pick

up the packages from Witness #1.  Witness #2 stated after she picked up the first package from Witness #1, for Darryl Barnes, he showed her a documentary on the television and said the documentary was about "Molly."  Witness #2 also stated Darryl Barnes had given her money to pay Witness #1 for receiving the packages.  Further, Witness #2 stated that Darryl Barnes had picked up the packages at 3916 New Hampshire Avenue NW, Washington, D.C.  On February 9, 2015, Witness #2 stated Darryl Barnes sent her a text message asking if the packages had been delivered yet, which at the time they had not.  Witness #2 advised HSI DC Special Agents that Darryl Barnes lives in Maryland near FedEx Field with his mother Theresa Buchanan.

On or about February 10, 2015, U.S. Customs and Border Protection (CBP) officers in Miami, Florida notified HSI Washington, D.C. (HSI DC) Special Agents of a parcel en route from China to Hyattsville, Maryland.  CBP provided information that the parcel originated in China and was destined for 714 Romford Drive, Hyattsville, Maryland to an individual by the name of "Darryl Barnes."  The parcel was identified as being shipped by TNT Express.  HSI DC was able to identify the TNT parcel had not been delivered yet to the aforementioned address.  HSI DC coordinated with TNT in order to hold the parcel for inspection.  HSI DC Special Agents met with TNT management within the TNT office in Bowie, Maryland and HSI DC Special Agents detained the packaged which was still intact and appeared to not have been opened.  HSI DC Special Agents kept the package, hereinafter referred to target package 4, in custody and performed a border search of the package which revealed a water filter which contained a clear and brown rock like substance similar to prior packages seized by HSI DC Special Agents.

HSI DC Special Agents then conducted surveillance of 714 Romford Drive, Hyattsville,

Maryland and observed Darryl Barnes exit the residence and enter his vehicle. HSI DC Special Agents made contact with Darryl Barnes and obtained consent to search the aforementioned residence from his mother Theresa Buchanan and himself. Darryl Barnes was also advised of his Miranda Rights and waived his right and agreed to speak with HSI DC Special Agents. Darryl Barnes stated he knew of some of the packages and he knew the packages contained "Molly" and came from China. Your affiant is aware that "Molly" is a term commonly used to refer to the illegal Schedule I narcotic known as methamphetamine/MDMA/ecstacy. Darryl Barnes stated he received the packages for another individual and he was not the final recipient.

Barnes was arrested pursuant to probable cause. The clear and brown rock like substance contained within target packages 1, 2, 3 and 4 weighed approximately 4.4 kilograms. Based on your affiant's training and experience, this amount of methamphetamine/MDMA/ecstacy is consistent with possession with intent to distribute rather than solely possession for personal use.

Based on further law enforcement investigation, HSI DC has determined that other packages from China have been shipped to Darryl Barnes' address at 714 Romford Drive, Hyattsville, Maryland, and also to 3922 New Hampshire Avenue, NW, Washington, D.C., besides those intercepted by law enforcement described above. Based on investigation to date, the earliest package from China was shipped to Darryl Barnes' address, in the name of "Cade Trading Co." on November 11, 2014.

Your affiant asserts that the facts contained within this affidavit establish probable cause to believe the defendant, Darryl Barnes, is guilty of violating the laws of the United States, specifically 21 United States Code, Section 841. Therefore, in light of the circumstances and the evidence adduced from this investigation, your affiant respectfully requests a Complaint issue for

Darryl Barnes, charging him with distribution and possession with intent to distribute more than 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine/MDMA in violation of 21 United States Code, Sections 841(a)(1); 841(b)(1)(A)(viii) and 846.

 

**JASON SHATARSKY, SPECIAL AGENT**
**HOMELAND SECURITY INVESTIGATIONS**

Sworn and subscribed to before me this _____ day of FEBRUARY, 2015.

_____
United States Magistrate Judge